## Lee v. The State.

### Indictment for Burglary.

1. *Appeal; when will not lie.* — An appeal will not lie from an order of the circuit court overruling a motion of a defendant to discharge him from custody and quash a *capias* issued on indictment for an offence, to answer which he had been bound over by a magistrate and given bond before indictment found.

2. *Capias; what irregular.* — Where a *capias* issues during the term, on indictment then found, it should not direct that defendant be committed to answer, &c., at the next term. The defendant is entitled to a disposition of his case during the term then being held, if possible.

APPEAL from Circuit Court of Cleburne.

Tried before Hon W. L. WHITLOCK.

The opinion states the case.

Neither the record nor docket gives the name of appellant's counsel.

The ATTORNEY GENERAL appeared for the State.

MANNING, J. — Appellant on the 6th of March last, being charged by one Groover with burglary, was arrested, brought before a justice of the peace, and bound over to appear at the next term of the circuit court, and from term to term thereafter, to answer to such indictment as should therefor be found against him, upon entering into a bail-bond, or undertaking with two sureties, in the sum of $500.

At the next court, beginning April 26, an indictment was presented April 28, by the grand jury, for breaking into and entering the storehouse of Groover, a place where goods were kept for sale, with intent to steal; whereupon a writ of arrest was on the same day issued upon order of the county solicitor, commanding the sheriff to arrest appellant and commit him to jail, to answer said indictment at the *next term* of the court to be held in September.

Being thus in custody, the prisoner — upon grounds not explained to this court — made a motion before the circuit court then in session, to quash the writ of arrest, or *capias*,

[Eiland v. State.]

and discharge him; which motion being denied, the prisoner took a bill of exceptions and appealed to this court.

The right of appeal is given by statute. The Revised Code (§ 4302) provides: "Any question in law arising in any of the proceedings in a criminal case, *tried* in the circuit or city court, may be reserved by the defendant but not by the State, for the consideration of the supreme court; and if the question does not distinctly appear on the record, it must be reserved by bill of exceptions . . . . as in civil cases."

By section 4304 it is enacted: "Where such question is reserved in a case of felony, *judgment must be rendered* against the defendant; but the execution thereof must be suspended," &c.

From these sections it is clear that the appeal allowed can be taken in criminal cases as in civil (certain specified instances being excepted), only after final judgment. The appeal taken must, therefore, be dismissed, on motion of the attorney general.

We are at a loss, however, to understand by what authority, when an indictment was found two days after the opening of the circuit court, and it was in session, and the cause was (so far as this record shows) in no way disposed of, the solicitor should, on the day when the indictment was found, cause defendant to be incarcerated to answer to it at the next succeeding term of the court.

Defendant was entitled to a speedy trial, and should have been arraigned and permitted to plead; and then it might have been made to appear, what further ought to be done in the cause.

The motion defendant made was properly denied. He was entitled either to a trial, or to be enlarged on entering into a proper undertaking, with sureties, for his appearance to answer the charge. But this he did not ask.        Appeal dismissed.